**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KARISMA MOSLEY, *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 4:21-cv-955 |
| FIESTA MART, LLC, *Defendant.* | § § § § | |

## Defendant Fiesta Mart, LLC's Notice of Removal

Defendant Fiesta Mart, LLC ("Fiesta") hereby removes this action from the 129th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division pursuant to and in accordance with 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, Fiesta states as follows:

### I.
### Facts

1. On February 11, 2021, Plaintiff Karisma Mosley ("Plaintiff") filed a lawsuit in the 129th Judicial District Court of Harris County, Texas, styled *Karisma Mosley v. Fiesta Mart, LLC* and bearing Cause No. 2021-08613.[1] Fiesta appeared on March 15, 2021.[2]

2. Plaintiff seeks to recover damages arising from an alleged incident that occurred on August 16, 2020 at Fiesta's store.[3] Plaintiff seeks damages for negligence due to "[a] condition on the premises [that] posed an unreasonable risk of harm."[4] She seeks to recover "monetary relief

---

[1] *See generally* Exhibit 2, Plaintiff's Original Petition.

[2] *See generally* Exhibit 3, Fiesta's Original Answer.

[3] *See* Exhibit 2, ¶ 6.1.

[4] *See id.* at ¶ 7.1.

of less than $75,000.00."[5]

## II.
## Timeliness of Removal and Consent of Defendant

3.      Fiesta was served on February 22, 2021.[6] Fiesta timely files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b)(1).

4.      Fiesta is the single defendant in this suit and, accordingly, no other defendants are necessary to join in, or consent to, this removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

## III.
## Venue

5.      The 129th Judicial District Court of Harris County, Texas is located within the Southern District of Texas, Houston Division. Venue for removal is proper in this district pursuant to 28 U.S.C. § 1446(a) because the state court in which this action has been pending is located in this district and division.

## IV.
## Diversity Jurisdiction

6.      A civil action initially filed in a state court is removable if the action is one over which "the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

7.      This action is removable because (1) this action is between a citizen of Texas and a citizen of different states (Delaware and California) and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

---

[5] *Id.* at ¶ 4.1.

[6] Exhibit 4, Executed Citation for Fiesta.

**A.     Diversity of Citizenship**

8.     Diversity exists when the amount in controversy is $75,000 and the citizenship of each plaintiff is diverse from the citizenship of each defendant. 28 U.S.C. § 1332(a)(1).

*i.     Plaintiff's citizenship*

9.     Plaintiff alleges she is a resident of Texas.[7]

10.    Accordingly, Fiesta is informed and believes that Plaintiff was a citizen of the State of Texas at the time she filed and served her Petition, and that Plaintiff continues to be a citizen of the State of Texas as of the filing of this Notice of Removal. *See Stine v. Moore*, 213 F.2d 446, 488 (5th Cir. 1954).

*ii.    Fiesta's citizenship*

11.    Fiesta is a citizen of the State of Delaware and the State of California. Fiesta is now, and was at the time the case commenced, diverse in citizenship from Plaintiff.

12.    Fiesta is a limited liability company. Its citizenship is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

13.    As explained in the affidavit of Mr. Michael Saltzstein, the sole member of Fiesta Mart, LLC is Bodega Latina Corp.[8] Bodega Latino Corp. is a corporation incorporated under the laws of the State of Delaware with its principal place of business, now and when the case commenced, in California.[9]

14.    The corporate structure of Fiesta has not changed since the time Mr. Saltzstein's affidavit was executed. Because Fiesta takes the citizenship of its sole member, Fiesta is therefore

---

[7] *See id.* at ¶ 3.1.

[8] Exhibit 5, Affidavit of Michael Saltzstein, ¶ 3

[9] *Id.*

3

a citizen of Delaware and California and of no other state. *See Harvey*, 542 F.3d at 1080.

15. Complete diversity exists as the parties are citizens of different states. 28 U.S.C. § 1332(a)(1).

## B. The Amount In Controversy Exceeds $75,000.

### i. *Plaintiff's damages allegation does not control*

16. Fiesta demonstrates herein that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). While the amount is controversy is ordinarily established on the face of the complaint, the pleading will not control if made in bad faith. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). Stated another way, when a plaintiff, as Plaintiff does in her pleading, specifically allege damages below $75,000, "the inquiry . . . does not end merely because the plaintiff alleges damages below the threshold." *Id.*

17. Plaintiff pleads only that she "seeks monetary relief of less than $75,000.00."[10] This pleading contravenes the Texas Rules of Civil Procedure, which requires that an original pleading "shall contain . . . a statement that the party seeks" one of five forms of relief, none of which are merely pleading below the federal jurisdictional amount. TEX. R. CIV. P. 47(c). "[T]actical manipulation" in evading federal jurisdiction by virtue of pleading is bad faith. *See De Aguilar*, 47 F.3d at 1410.

18. As echoed by the Fifth Circuit, "if the prayer for relief must be ignored under applicable principles of law and plaintiff can, therefore, recover more on his state claim than the jurisdictional minimum, the case is removable." *Id.* Accordingly, "if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount" by a preponderance of the

---

[10] Exhibit 2, ¶ 4.1.

4

evidence, the case is removable. *Id.* at 1410–1411.

19. Plaintiff's allegation that her claim does not exceed $75,000 "contravenes Texas state court rules and would not have bound Plaintiff to recover less than $75,000; it serves solely to avoid federal jurisdiction." *Martinez v. Liberty Ins. Corp.,* No. H-19-3936, 2019 WL 6894497, at *2 (S.D. Tex. Dec. 18, 2019). "Plaintiff's statement, by itself, is not sufficient to limit the amount in controversy and defeat diversity jurisdiction." *Zubie Wear v. Am. Time Mfg. Ltd.*, No. SA–12–CV–763–XR, 2012 WL 6629603, at *2 (W.D. Tex. Dec. 19, 2012).

### ii. *Fiesta shows by a preponderance of the evidence that the amount in controversy is likely to exceed $75,000*

20. Plaintiff's pre-suit demand and her pleadings evidence the amount in controversy exceeds the jurisdictional limit of this Court. Despite Plaintiff's allegation, it is facially apparent from Plaintiff's state court petition that her claims are likely to exceed the jurisdictional amount. Plaintiff seeks damages for both past and future "physical pain and suffering . . . mental anguish . . . medical expense[s] . . . disfigurement . . . [and] physical impairment.[11] Plaintiff alleges that "[d]ue to the severity of the injuries" she "remains disabled."[12]

21. It is "readily apparent from a reasonable and common-sense analysis" of Plaintiff's pleading that the damages she seeks exceed $75,000. *See e.g. Wilson v. Hibu Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *3 (N.D. Tex. Oct. 28, 2013). Plaintiff alleges the incident occurred on August 16, 2020 and has "remained disabled."[13] Plaintiff seeks to recover damages for, among other things, physical impairment and disfigurement that "in all reasonable probability" she "will

---

[11] *Id.* at ¶ 9.1.

[12] *Id.* at ¶ 6.1.

[13] *Id.*

5

sustain in the future."[14]

22. Further, Fiesta's evidence establishing the actual amount of Plaintiff's claim is more likely than not to exceed $75,000. *See De Aguilar*, 47 F.3d at 1412. Plaintiff's pre-suit demand alleged medical expenses totaling $60,606.75.[15] In reviewing her demand in conjunction with the alleged damages in her petition, Plaintiff seeks to recover (a) $60,606.75 in medical expenses already incurred and then, in addition, (b) future medical expenses, (c) past and future physical pain and suffering, (d) past and future mental anguish, (e) past and future disfigurement, (f) past and future physical impairment, and (g) "all other elements of damage to which Plaintiff may show herself to be entitled."[16]

23. Even further, Plaintiff's pre-suit demand is for "policy limits" to "account for" Plaintiff's alleged injuries.[17] The limits of Fiesta's policy is $2,000,000 for personal injury.[18] This is the very type of evidence on which this Court may rely: "'summary judgment-type' proof . . . , such as any presuit demands and the limits of an insurance policy." *Delgado v. Round Rock M3-05, LLC*, No. A-17-CV-00140-LY, 2017 WL 7805748, at *2 (W.D. Tex. June 6, 2017). Plaintiff's demand for these policy limits is well in excess of $75,000.

24. It is more likely than not that Plaintiff's claim is more likely than not to exceed $75,000. *See De Aguilar*, 47 F.3d at 1412. The actual amount in controversy exceeds the jurisdictional requirement of this Court.

---

[14] *Id.* at 9.1.

[15] *See* Exhibit 6, Plaintiff's Pre-Suit Demand, p. 1.

[16] *See* Exhibit 2, ¶ 9.1.

[17] *See* Exhibit 6, p. 2.

[18] *See* Exhibit 7, Fiesta's Declarations Page.

## V.
## Notice

25. Pursuant to 28 U.S.C. § 1441(d), and to effect removal, Fiesta, as the removing party, will promptly give all parties notice of the filing of this Notice of Removal. Fiesta has filed or will contemporaneously file with the clerk of the state court a notice of the filing of this Notice of Removal.[19]

## VI.
## Exhibits to Notice of Removal

26. As required by 28 U.S.C. § 1446(a) and Local Civil Rule 81 for the United States District Court for the Southern District of Texas, Fiesta has attached to this Notice of Removal the following numbered exhibits:

Exhibit 1:   Local Rule 81 Index;

Exhibit 2:   Plaintiff's Original Petition;

Exhibit 3:   Fiesta's Original Answer;

Exhibit 4:   Executed Citation for Fiesta;

Exhibit 5:   Affidavit of Michael Saltzstein;

Exhibit 6:   Plaintiff's Pre-Suit Demand;

Exhibit 7:   Fiesta's Declarations Page;

Exhibit 8:   The Docket Sheet of the 129th Judicial District Court of Harris County, Texas for Cause No. 2021-08613, *Karisma Mosley v. Fiesta Mart, LLC*;

Exhibit 9:   A copy of the Notice of Removal to be filed in state court.

## CONCLUSION

Defendant Fiesta Mart, LLC respectfully removes this action from the 129th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District

---

[19] A copy of the notice to be filed is attached hereto as Exhibit 9.

of Texas, Houston Division.

                         Respectfully submitted,

                         **ADAMS AND REESE LLP**

                         By: */s/ W. David Toney*
                             W. David Toney
                             Fed. Bar. ID No. 17174
                             State Bar No. 00797561
                             Chelsea J. Lu
                             Fed. Bar. ID No. 3144205
                             State Bar No. 24095439
                             1221 McKinney Street, Suite 4400
                             Houston, Texas 77010
                             (713) 652-5151
                             (713) 652-5152 Facsimile
                             david.toney@arlaw.com
                             chelsea.lu@arlaw.com

                        *Attorneys for Defendant,*
                        *Fiesta Mart, LLC*

## **CERTIFICATE OF SERVICE**

     The undersigned attorney certifies that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of Court by using the CM/ECF system and a copy of same is being served on counsel of record via email on this the 24th day March, 2021.

Donald G. DeSimone
DESIMONE LAW OFFICE
4635 Southwest Freeway, Suite 850
Houston, Texas 77027
(713) 526-0900
(713) 526-8041 Facsimile
ddesimone@desimonelawoffice.com

                                             */s/ W. David Toney*
                                             W. David Toney